UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

October 15, 2010

Memo To Counsel Re: Great Northern Insurance Co v. Niro, Inc.
Civil No. JFM-08-1765

Dear Counsel:

I have reviewed the memoranda submitted in connection with GEA's motion for partial summary judgment. The motion is granted in part and denied in part.

Plaintiff's Tort Claims

The "risk of death of personal injury" exception to the economic loss doctrine does not apply because that exception applies only where the risk of injury is prospective. Nevertheless, plaintiff's tort claims are not barred by the economic loss doctrine because the damage to plaintiff's facility, clean-up costs, and destroyed gum arabic product constituted "damage to property other than the product itself" under Maryland law. *See A.J. Decoster Co. v. Westinghouse Elec. Corp.*, 634 A.2d 1330, 1334 (Md. 1994); *National Coach Works of Virginia v. Detroit Diesel Corp.*, 128 F. Supp. 2d 821, 831 (D. Md. 2001).

Moreover, the "*de minimis*" rule that has been applied by some courts when considering the economic loss rule would not bar plaintiff's tort claims here. As an initial matter, it is not entirely clear that Maryland would adopt the *de minimis* rule. Moreover, the $73,000 that plaintiff claims in connection with its property claim is significantly greater than the claims for $171.36 and 29 pieces of wire that led to the adoption of the *de minimis* rule in *Delmarva Power & Light Co. v. Meter-Treater, Inc.*, 218 F. Supp. 2d 564, 571 (D. Del. 2002) and *Rich Prods. Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 972 n.34 (E.D. Wis. 1999). That said, plaintiff may recover in tort only "damage to property other than the product itself," and that damage does not include either repairs to the FSD system or the roughly $1.7 million plaintiff claims for substitute drying service costs.

Plaintiff's Claim For The $1.7 in Substitute Drying Service Costs is Governed by TIC Gums' Contract with Defendant and is Barred Under the Terms of That Contract

The Terms and Conditions to the contract immunize defendant from liability "in contract or in tort, including negligence and strict liability, for any special, punitive, indirect, incidental or

consequential damages of any kind or character." Plaintiff argues that its claims for substitute drying service costs is one for direct damages, not consequential damages. However, Maryland law is clear that rental services obtained as a substitute for defective goods are classified as incidental and consequential damages. *See Mercedes-Benz of N. Am. v. Garten*, 618 A.2d 233, 242-43 (Md. App. 1993); s*ee also Golt v. Phillips*, 517 A.2d 328, 334 (Md. 1986) (finding that a wrongfully evicted tenant was entitled to consequential damages, including substitute housing costs).[1]

Contractual Limitation on the Amount of Recovered Damages

Although I find that the amount of damages that plaintiff may recover in this action is less than the $1,347,000 contract price, if for some reason I am wrong in my conclusion, the limitation in the damages provision of the Terms and Conditions would limit any damages recovered by plaintiff to the $1,347,000 contract price.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[1] Plaintiff also makes a half-hearted argument that the Terms and Conditions never came into effect because they were not signed by an officer of defendant. The fallacy in this contention is that the terms and conditions were not separate from the larger contract entered into between TIC Gums and Niro. *See, e.g.*, Section 7.0 of the contract, which states that "Niro, Inc.'s Standard Terms and Conditions (see Appendix A) are part of this proposal" and Section 13.0, which proposes technical exceptions and clarifications to the Standard Terms and Conditions.